[Civ. No. 3895.  First Appellate District, Division Two.—August 6, 1921.]

## J. M. BURNS, Respondent, v. FAGET ENGINEERING COMPANY, Appellant.

[1] EVIDENCE — ACTION FOR SERVICES — COUNTERCLAIM — ERRONEOUS JUDGMENT.—In this action to recover the balance claimed to be due for services rendered, in which the defendant admitted the performance of the services to the value sued for but offered a counterclaim for money advanced to the use of plaintiff while he was employed by another, every essential and material fact in support of the defendant's counterclaim was proved without conflict, and the trial court committed error in giving judgment against the defendant thereon.

[2] ID.—FANCIFUL CONFLICT—APPEAL.—Where the conflict in the evidence is merely fanciful or fictitious the appellate court is not bound by the judgment of the trial court.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Reversed.

The facts are stated in the opinion of the court.

Wilson & Wilson for Appellant.

Bell, Brookman, Simmons & Creech for Respondent.

NOURSE, J.—Plaintiff sued defendant for the balance due for services rendered. Defendant admitted the performance of the services to the value sued for but offered a counterclaim for $250, money advanced to the use of plaintiff. Judgment was given for plaintiff on his complaint and against the counterclaim and defendant appeals.

The facts are that for some five or six years prior to April 5, 1919, plaintiff was employed by defendant in the capacity of salesman at a salary of $200 a month. Immediately prior to that date plaintiff learned of an opportunity to install an ice plant in China on property owned by the China Mongolia Export Company. He asked defendant's permission to take the employment and, through the aid of defendant, was employed by F. E. Booth Company, the local agents of the China Company, to go to China and install

the plant.   By the terms of the employment plaintiff was to be paid $350 a month and expenses by the China Company.   Before leaving for China plaintiff arranged with defendant to advance $250 a month to his wife, who remained here, the defendant to be reimbursed by the Booth Company for the China concern.   Plaintiff was to draw the remainder of his salary and his expenses directly from the China Company.   This arrangement was carried out in every particular, except that in February, 1920, defendant advanced the $250 to plaintiff's wife as before, but the Booth Company refused to reimburse it because it claimed the employment had terminated.   This claim was based upon the fact that plaintiff had completed the installation of the plant prior to February 1, 1920, and had returned to San Francisco on February 17th.   The Booth Company took the position that it was not liable for salary during the full month of February after completion of the work.

Upon his return to San Francisco plaintiff took a vacation of two or three weeks and then returned to the service of defendant.   After repeated demands for an adjustment of the February account, and as many promises on the part of plaintiff that he would adjust it, defendant deducted the amount from plaintiff's salary.   The advance of the sum in dispute has never been denied, the only defense to the counterclaim being that defendant was liable to plaintiff for his salary during the entire month of February.

That he sought the employment at his own instance and accepted the offer of the Booth Company to pay his salary for his labor in China, which was a substantial increase from what he had been receiving from defendant, that he knew at all times that the China Company and not the defendant was his employer, and that the defendant was not interested in the installation of the plant other than to recommend plaintiff to the Booth Company for employment, cannot be denied.   [1]   Every essential and material fact in support of the counterclaim was proved without conflict.

Respondent's only argument in support of the judgment is that the appellate court cannot set it aside because there is a conflict in the evidence.   But the only conflict arises out of the testimony of respondent in his endeavor to establish a relation of master and servant in a case where there was no contract of employment express or implied.

His statement that appellant urged him to keep his eyes open for business for the firm, and his endeavors to interest others in the purchase of appellant's wares, are all in harmony with the evidence that, having been a salesman for appellant, he was offered a commission on any sales made on his trip. But having been unsuccessful, nothing was due him from appellant. [2] When the conflict in the evidence is merely fanciful or fictitious the appellate court is not bound by the judgment.

Judgment reversed.

Langdon, P. J., and Sturtevant, J., concurred.